Elisa **MOLINA–CRESPO**, Plaintiff, **Appellant,**

v.

Joseph **CALIFANO**, Secretary of Health, Education, and Welfare, Defendant, Appellee.

No. 78–1123.

United States Court of Appeals, First Circuit.

Submitted Sept. 7, 1978.

Decided Sept. 22, 1978.

---

10. Plaintiffs pledged the remaining notes to the Exchange Bank of Temple Terrace, a Florida bank, for unrelated loans.

A. J. Amadeo Murga, Santurce, P. R., and Juan M. Garcia-Passalacqua, Hato Rey, P. R., on brief, for plaintiff, appellant.

Julio Morales Sanchez, U. S. Atty., and Jose A. Acosta-Grubb, Asst. U. S. Atty., on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Appellant, a United States citizen and resident of Puerto Rico, applied for Social Security old age benefits pursuant to 42 U.S.C. § 428. Her application was denied because such benefits are available only to residents of the United States which is defined as the 50 states and the District of Columbia. 42 U.S.C. § 428(e). Except for her failure to meet the residency requirement, appellant would have been eligible for benefits. On May 31, 1977, she filed suit in the United States District Court for the District of Puerto Rico alleging that the exclusion of Puerto Rico from the definition of the United States in § 428(e) is unconstitutional because it violates the equal protection component of the Due Process Clause of the Fifth Amendment.[1]

On February 27, 1978, the Supreme Court decided *Califano v. Torres*, 435 U.S. 1, 98 S.Ct. 906, 55 L.Ed.2d 65 (1978), holding that withholding certain social security benefits from Puerto Rico residents did not unconstitutionally infringe on the right to travel of a Connecticut resident whose benefits were suspended because he moved to Puerto Rico. On the basis of *Torres*, the district court dismissed the instant case for want of subject matter jurisdiction because the Supreme Court's decision had rendered the federal claim insubstantial. Appellant argues before us that this dismissal was erroneous.

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' . . . 'wholly insubstantial,' . . . 'obviously frivolous,' . . . 'plainly unsubstantial,' . . . or 'no longer open to discussion,' . . . . '[T]he question may be plainly unsubstantial, either because it is "obviously without merit" or because "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave

---

1. The Fifth Amendment's Due Process Clause does encompass equal protection concepts. *See Califano v. Torres*, 435 U.S. 1, 3 n. 4, 85 S.Ct. 906, 911 n. 4, 55 L.Ed.2d 65 (U.S. Feb. 27, 1978); *Mathews v. DeCastro*, 429 U.S. 181, 182 n. 1, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976); *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

no room for the inference that the question sought to be raised can be the subject of controversy." . . .' " *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974) (citations omitted). "In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial . . . ." *Goosby v. Osser,* 409 U.S. 512, 518, 93 S.Ct. 854, 859, 35 L.Ed.2d 36 (1973).[2]

▆▆▆ The substantiality doctrine is "a statement of jurisdictional principles affecting the power of a federal court to adjudicate constitutional claims". *Hagans v. Lavine, supra,* 415 U.S. at 538, 94 S.Ct. at 1379. As such, substantiality is a legal question open to independent examination on appeal. Thus our only inquiry on appeal is whether the Supreme Court has left any room for an inference that the question sought to be raised can be the subject of controversy. If the claim is not clearly foreclosed, we must vacate the district court's judgment and order the cause to be reinstated for consideration of the issue on its merits. Because the district court did not go beyond consideration of the impact of *Torres,* it would be improper for us to do so. If the issue remains arguable after *Torres,* the argument should be addressed in the first instance to the district court.

The direct holding of *Torres* was directed to the question whether "a person who has moved from one State to another might be entitled to invoke the law of the State from which he came as a corollary of his constitutional right to travel." 435 U.S. at 5, 98 S.Ct. at 908. That question is not presented here. *Torres,* in passing said:

"The complaint had also relied on the equal protection component of the Due Process Clause of the Fifth Amendment in attacking the exclusion of Puerto Rico from the SSI program. Acceptance of that claim would have meant that all otherwise qualified persons in Puerto Rico are entitled to SSI benefits, not just those who received such benefits before moving to Puerto Rico. But the District Court apparently acknowledged that Congress has the power to treat Puerto Rico differently, and that every federal program does not have to be extended to it. Puerto Rico has a relationship to the United States 'that has no parallel in our history.' " *Torres, supra,* 435 U.S. at 3 n. 4, 98 S.Ct. at 907 n. 4 (citations omitted). We cannot read this reference to what the district court "apparently" acknowledged as clearly foreclosing the equal protection issue. The only statement that the Court makes on its own authority is that Puerto Rico's relationship to the United States is unique. Standing alone that certainly does not dispose of all equal protection challenges to laws treating Puerto Ricans differently from residents of the 50 states. Nor does the Court's reference in the text to the presumption of constitutionality accorded laws providing for governmental payment of monetary benefits, *id.* at 5, 98 S.Ct. at 907, dispose of this case. As the Court goes on to point out, the presumption can be rebutted by showing, for instance, that the legislative judgment is invidious and not rational.

In sum, though *Torres* may be strong authority for the proposition that there is no violation of equal protection in this case, it is not dispositive. It may render this claim of doubtful merit, but it does not inescapably render the claim frivolous. Therefore, we must vacate the district court's judgment and remand for further proceedings. In so doing, we do not rule out the possibility of a later dismissal for

**2.** The substantiality inquiry in *Goosby v. Osser,* 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973), was in the context of whether or not convocation of a three judge district court was appropriate. The Court, however, included these standards in a discussion of the subject matter jurisdiction issue in *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

failure to state a claim or upon summary judgment. It seems scarcely likely that the legislative judgment will turn out not to have been rational in this situation. But we cannot affirm the order in its present procedural posture.

*Vacated and remanded.*