STATE OF NORTH CAROLINA v. DUARD STOCKTON SWAIN, JR.

No. 882SC202

(Filed 6 December 1988)

**Constitutional Law § 13— seat belt law—proper exercise of State's police power**
    N.C.G.S. § 20-135.2A requiring the wearing of a seat belt is a proper exercise of the police power of the State by the General Assembly, since the statute clearly contributes in a reasonable manner to the safety of travel on the streets and highways of the State in that safety belts help drivers maintain control of their vehicles and also may prevent or reduce injuries to other occupants within the vehicle who may be struck by an unrestrained occupant during an accident, and such law may promote the economic welfare of the State by reducing public costs associated with injuries and deaths due to automobile accidents.

APPEAL by defendant from *Winberry (Charles B.), Judge.* Judgment entered 11 November 1987 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 8 September 1988.

On 2 September 1987, defendant was issued a citation for failure to wear a seat belt in violation of G.S. 20-135.2A. The trial court denied defendant's motion to dismiss the charge against him and, finding him responsible, ordered defendant to pay a fine of $25.00. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mabel Y. Bullock, for the State.*

*Duard S. Swain, Jr., defendant-appellant, pro se.*

PARKER, Judge.

On appeal, defendant challenges the constitutionality of North Carolina's mandatory seat belt law, G.S. 20-135.2A, contending that the statute represents involuntary servitude and slavery in violation of the thirteenth amendment and that it also violates the ninth amendment of the United States Constitution. We find these arguments to be meritless, and we uphold the constitutionality of G.S. 20-135.2A.

General Statute 20-135.2A provides the following in relevant part:

> Each front seat occupant who is 16 years of age or older and each driver of a passenger motor vehicle manufactured with seat safety belts in compliance with Federal Motor Vehicle Safety Standard No. 208 shall have such a safety belt properly fastened about his body at all times when the vehicle is in forward motion on a street or highway in this State. Each driver of a passenger motor vehicle manufactured with seat safety belts in compliance with Federal Motor Vehicle Safety Standard No. 208, who is transporting in the front seat a person who is (1) under 16 years of age and (2) not required to be restrained in accordance with G.S. 20-137.1, shall have the person secured by such a safety belt at all times when the vehicle is operated in forward motion on a street or highway in this State. Persons required to be restrained in accordance with G.S. 20-137.1 shall be secured as required by that section.

In ruling on the constitutionality of a statute, this Court must assume that acts of the General Assembly are constitutional and within the legislative power of that body unless the contrary clearly appears. *State v. Anderson*, 275 N.C. 168, 171, 166 S.E. 2d 49, 50 (1969); *State v. Hales*, 256 N.C. 27, 30, 122 S.E. 2d 768, 770-71, 90 A.L.R. 2d 804, 807 (1961).

The police power of the State may be exercised in the form of State legislation when the enactment is reasonably necessary to achieve a legitimate legislative purpose and is not unduly oppressive or discriminatory. *Goldblatt v. Town of Hempstead*, 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed. 2d 130 (1962). Determination of what is in the interest of public health, safety and welfare is a

legislative matter, and the courts will not interfere if the question of reasonableness is merely debatable. *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 258 S.E. 2d 444 (1979). Therefore, the State may do whatever is reasonably necessary to further safety on the public highways. *See Treants Enterprises, Inc. v. Onslow County*, 320 N.C. 776, 360 S.E. 2d 783 (1987).

In *State v. Anderson, supra*, our Supreme Court held that a statute requiring motorcyclists to wear protective helmets was a valid exercise of the police power. The Court based its holding on the grounds that a helmet would protect the motorcyclists from being struck by objects which might cause him to lose control of the vehicle, thereby posing a threat to other vehicles and pedestrians. *State v. Anderson*, 275 N.C. at 174, 166 S.E. 2d at 53. Other jurisdictions have upheld mandatory seat belt laws on similar grounds. For example, in *People v. Kohrig*, 113 Ill. 2d 384, 401, 498 N.E. 2d 1158, 1164 (1986), *cert. denied*, --- U.S. ---, 107 S.Ct. 1264, 94 L.Ed. 2d 126 (1987), the Illinois Supreme Court reasoned that safety belts help drivers maintain control of their vehicles and also may prevent or reduce injuries to other occupants within the vehicle who may be struck by an unrestrained occupant during an accident. *See also Wells v. State*, 134 N.Y. A.D. 2d 874, 521 N.Y.S. 2d 604 (1987); *Richards v. State*, 743 S.W. 2d 747 (Tex. App. Houston [1st Dist.] 1987), *disc. rev. denied*, 757 S.W. 2d 723 (Tex. Crim. App. 1988).

Such laws may also promote the economic welfare of the State by reducing public costs associated with injuries and deaths due to automobile accidents. *People v. Kohrig*, 113 Ill. 2d at 403, 498 N.E. 2d at 1158. Without question, the carnage on our public highways, either directly or indirectly, places a substantial burden on public funds each year. The economic consequences of serious injury or death extend beyond the afflicted individual to his family, employer, and the general public. Studies show that the person wearing a seat belt is less likely to sustain serious injury or be killed in an automobile crash. Thus, the State has a legitimate public interest in minimizing the seriousness of injuries resulting from collisions on the highways. *See* Campbell, *North Carolina Seat Belt Law: Public Safety and Public Policy*, 53 Popular Government 27 (1988).

Defendant has failed to show that G.S. 20-135.2A is an unreasonable, arbitrary, or capricious restriction on the operator or passenger in a passenger vehicle; the statute clearly contributes in a reasonable manner to the safety of travel on the streets and highways of our State. General Statute 20-135.2A is, therefore, a proper exercise of the police power of the State by the General Assembly.

The judgment of the trial court is

Affirmed.

Judges PHILLIPS and EAGLES concur.