Jerry ST. JARRE, Plaintiff,

v.

**HEIDELBERGER DRUCKMASCHINEN A.G., Defendant.**

Civ. A. No. 2:93cv59.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 1, 1993.

Robert Linwood Mills, Rutter & Montagna, Norfolk, VA, for St. Jarre.

David Neil Ventker, Huff, Poole & Mahoney, P.C., Virginia Beach, VA, for Druckmaschinen.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

Notwithstanding that Heidelberger Druckmaschinen A.G. ("HDAG") removed this action to this court on the basis of diversity jurisdiction, it now has moved to dismiss the action for lack of subject matter jurisdiction under Fed.R.Civ.P. Rule 12(b)(1). HDAG also seeks dismissal under Fed.R.Civ.P. Rule 12(b)(2), alleging the absence of in personam jurisdiction. Finally, HDAG seeks dismissal of plaintiff's strict liability claim under Fed. R.Civ.P. 12(b)(6). For the reasons explained below, the motion to dismiss for lack of subject matter jurisdiction is denied; the motion to dismiss for lack of personal jurisdiction is denied; and the motion to dismiss the strict liability claim is granted.

## STATEMENT OF FACTS

Jerry St. Jarre ("St. Jarre"), a Virginia resident, instituted this action in the Circuit Court for the City of Norfolk alleging that he sustained serious injuries while operating an allegedly defective offset printing press manufactured by HDAG, a corporation "organized and existing under the laws of the Federal Republic of Germany." (Complaint, at ¶¶ 1–3). The complaint seeks damages in the amount of two million dollars and asserts causes of action in negligence, strict liability in tort and breach of express and implied warranties.

HDAG was served in Germany pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Criminal Matters. HDAG then removed the action to this court, asserting the existence of diversity of citizenship in a controversy involving an amount exceeding $50,-000. St. Jarre's complaint makes few factual allegations beyond those already recounted, and this paucity of factual allegations is in actuality the principal basis of HDAG's jurisdictional motions.

## DISCUSSION

### A. *Subject Matter Jurisdiction*

Conceding, as it must, the existence of diversity of citizenship and the sufficiency of the amount in controversy, HDAG advances two related, and equally meritless, points as the bases for its challenge to subject matter jurisdiction. HDAG first asserts that "[i]f subject matter jurisdiction would not exist in a Virginia court, then this Court likewise has no subject matter jurisdiction and the matter must be dismissed." HDAG then asserts that it "is hornbook law that state courts cannot exercise subject matter jurisdiction over events occurring beyond the boundaries of the state in which they sit."

■ Even if it were true that a Virginia court would lack subject matter jurisdiction over this action (which itself is a proposition lacking in merit), that is of no moment here because subject matter jurisdiction in the federal courts is created and defined by federal, not state, law. In this case, it is clear from the face of plaintiff's complaint that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $50,000, exclusive of interest and costs. Accordingly, 28 U.S.C. § 1332(a) confers subject matter jurisdiction over the action.[1]

HDAG also contends that St. Jarre's failure to state in his complaint that he was injured in Virginia deprives the court of subject matter jurisdiction. The court knows of no requirement that, in a case such as this, a plaintiff must allege that the injury occurred in the forum state in order to establish subject matter jurisdiction. HDAG has cited no authority for that notion. Accordingly, the court declines to accept it.

---

1. It is surprising that HDAG argues that this court lacks subject matter jurisdiction. If HDAG were correct in its assertion that subject matter jurisdiction is lacking in this court, it, as the party who removed the action to federal court, could find itself liable for costs for improvident removal. *See* 28 U.S.C. § 1447(c).

## 426

### B. *Personal Jurisdiction*

██ A federal court must consider two questions in determining whether it can exercise personal jurisdiction over an out-of-state defendant: (1) whether the long arm statute of the state in which it sits provides authority for the assertion of jurisdiction; and (2) whether the assertion of jurisdiction under the long arm statute comports with the due process requirements of the federal constitution.[2] *Brown v. American Broadcasting Co., Inc.,* 704 F.2d 1296, 1300 (4th Cir.1983); *Verosol B.V. v. Hunter Douglas, Inc.,* 806 F.Supp. 582, 588–89 (E.D.Va.1992). Once personal jurisdiction is challenged by a motion pursuant to Fed.R.Civ.P. 12(b)(2), the plaintiff has the burden to prove by a preponderance of the evidence that the defendant is subject to personal jurisdiction in the forum. *See, e.g., Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir.1989); *Hunter Douglas,* 806 F.Supp. 582 (E.D.Va.1992):

> When, as here, the jurisdictional challenge is decided on the pleadings, affidavits, and documents submitted, the plaintiff must make a *prima facie* showing that a sufficient basis exists for this court to assert jurisdiction over the defendant.... In determining whether the plaintiff has met this *prima facie* burden, the court construes the pleadings, affidavits, and documents in the light most favorable to the plaintiff.

*Hunter Douglas,* 806 F.Supp. at 588 (citations omitted).

Although the purported basis for personal jurisdiction is not entirely clear from the complaint, St. Jarre's brief asserts that Va. Code Ann. § 8.01–328.1(A)(1) provides the basis for the exercise of personal jurisdiction over HDAG. Section 8.01–328.1(A)(1) provides, in pertinent part:

> § 8.01–328.1. **When personal jurisdiction over person may be exercised.** A.— A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth; ...

██ In order for a cause of action to arise from any business transacted in Virginia, "the activities that support the jurisdictional claim must coincide with those that form the basis of the plaintiff's substantive claim." *City of Virginia Beach v. Roanoke River Basin Assoc.,* 776 F.2d 484, 487 (4th Cir. 1985). As the Supreme Court of Virginia has explained, "a single act by a non-resident which amounts to 'transacting business' in Virginia and gives rise to a cause of action may be sufficient to confer jurisdiction upon [Virginia] courts." *Danville Plywood Corp. v. Plain and Fancy Kitchens, Inc.,* 218 Va. 533, 534–36, 238 S.E.2d 800, 802 (1977) (cited in *Roanoke River Basin Assoc.,* 776 F.2d 484, 487 (4th Cir.1985)).

██ HDAG correctly points out that St. Jarre's complaint fails to allege facts which would support a finding that HDAG transacted any business in Virginia; that St. Jarre was injured in Virginia; or that, if St. Jarre was injured outside Virginia, HDAG's contacts with Virginia are sufficient to justify the exercise of personal jurisdiction over HDAG by a court in Virginia. Thus, St. Jarre's complaint runs afoul of Fed.R.Civ.P. 8(a)(1), which requires a plaintiff's complaint to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends...."

However, St. Jarre's memorandum in opposition to HDAG's motion to dismiss states that St. Jarre was injured in Virginia and shows, at least in conclusory terms, that St. Jarre may be able to establish jurisdiction over HDAG under § 8.01–328.1(A)(1). St. Jarre also contends that, given the opportunity for reasonable discovery, he can establish contacts by HDAG sufficient to support the exercise of in personam jurisdiction.

Fed.R.Civ.P. 15 permits St. Jarre to amend his complaint as a matter of right at any time before a responsive pleading is filed. HDAG has not filed a responsive pleading. *See Williams v. Wilkerson,* 90

---

**2.** The Supreme Court of Virginia has construed Virginia's long arm statute, Va.Code Ann. § 8.01–328.1 (Michie 1992), as extending personal jurisdiction to the limits of due process. *See John G. Kolbe, Inc. v. Chromodern Chair Co.,* 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971).

F.R.D. 168 (E.D.Va.1981) (a motion to dismiss is not a responsive pleading within the meaning of Fed.R.Civ.P. 15). Accordingly, HDAG's motion to dismiss for lack of personal jurisdiction is denied without prejudice.

However, within ten days from the date of this Memorandum Opinion and Order, St. Jarre shall file and serve on HDAG an amended complaint, stating with particularity the basis for in personam jurisdiction over HDAG. Within fifteen days after service HDAG shall file its answer to the amended complaint and, if there is a basis to do so, HDAG shall file at the same time a motion objecting to the exercise of personal jurisdiction over it, along with a supporting memorandum of law and exhibits and affidavits spelling out the reasons for its objections. Within five days thereafter, counsel for St. Jarre and HDAG shall confer with the court to establish a plan for the conduct of future proceedings. If HDAG does not object to the exercise of jurisdiction over it within the time and in the manner set forth herein, objections to jurisdiction will be considered waived, *see* Fed.R.Civ.P. 12(h)(1), and this action shall proceed in the normal course and will be set for an initial pretrial conference at the earliest possible date.

### C. *St. Jarre's Claim for Strict Liability in Tort*

■ In paragraphs 11 and 14 of the complaint, St. Jarre purports to assert a strict liability cause of action against HDAG. The substantive law of Virginia controls this action, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Bilancia v. General Motors Corp.*, 538 F.2d 621 (4th Cir.1976), and it is beyond question that Virginia does not recognize a cause of action for strict liability in tort. *Lust v. Clark Equip. Co., Inc.*, 792 F.2d 436, 439 (4th Cir.1986). Accordingly, the motion to dismiss paragraphs 11 and 14 of the complaint for failure to state a claim is granted.

■ As is made clear in parts A and C of this opinion, the court considers there was no basis in fact or law for the objection to subject matter jurisdiction by HDAG or for the assertion of a strict liability claim by St. Jarre. Ordinarily, the court would direct counsel to show cause why sanctions should not be awarded under Fed.R.Civ.P. 11 for the assertion of frivolous positions. However, each side has caused the other to incur approximately the same expense and the court considers it appropriate to let the matter rest where it is as to the offending pleadings. However, counsel are admonished that the filing of such pleadings in the future will be the basis for the imposition of sanctions under Fed.R.Civ.P. 11.

It is so ORDERED.