**Ronald J. JACKSON, Plaintiff,**

**v.**

**STRAYER COLLEGE, et al., Defendants.**

**Civil Action No. 96–01964.**

United States District Court, District of Columbia.

Oct. 3, 1996.

Ronald J. Jackson, Washington, DC, pro se.

Peter K. Stackhouse, Arlington, VA, for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court are: (1) Plaintiff's Amendment to his Complaint, filed September 23, 1996; (2) the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed September 16, 1996; (3) the Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, filed September 16, 1996; (4) the Plaintiff's Opposition thereto, filed September 23, 1996; and (5) the Defendant's Reply thereto.[1] The plaintiff alleges that the defendants have obstructed the plaintiff's efforts to form a student government at the defendant educational institution.

---

1. The Court also is in receipt of the Plaintiff's Opposition to Defendants' Reply Memo and the Plaintiff's Continued Opposition to Defendants' Reply Memo. The Federal Rules of Civil Procedure and the rules of this Court do not provide for surreplies as a matter of right, and the plaintiff has not moved this Court for, nor has the Court granted, leave to file the aforementioned surreplies. Accordingly, the Court will not accept said surreplies for submission.

Upon consideration of the parties' pleadings, the law applicable thereto, the entire record herein, and for the reasons set forth below, the Court shall recognize the plaintiff's amendment to his Complaint; but shall grant the defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction; shall dismiss the plaintiff's amended claim *sua sponte* for lack of subject matter jurisdiction and shall declare moot the defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.

## BACKGROUND

On August 26, 1996, Ronald J. Jackson filed the Complaint in the above-entitled action alleging that the defendants—Strayer College and certain employees thereof—obstructed and conspired to obstruct the forming of a student-based student government. Specifically, the plaintiff claims that on February 15, 1996, the defendants blocked a news advertisement about student-based government activity and/or blocked the distribution of the paper showing the advertisement. Complaint ¶ 4(a). The plaintiff further alleges that on or about March 11 and 13, 1996, the defendants removed notices regarding a student referendum on student government, and had employees of Strayer College misdirect students from an advertised luncheon being held to ratify a student government. *Id.* at ¶ 4(b) & (c).

On September 16, 1996, a status conference was held in the above-entitled action. At that time, the plaintiff indicated that he had filed an Amended Complaint with the Court. The Court, however, did not receive any Amended Complaint or Motion for Leave to Amend Complaint until September 23, 1996. On that day, the plaintiff filed an "Amendment to Complaint," adding a new defendant and setting forth entirely new allegations that the defendants conspired to prevent the plaintiff from receiving financial aid by allowing the plaintiff's loan default notice to lie dormant for nearly three months. The new allegations were unrelated to the conduct alleged in the original Complaint.

The new defendant, brought into the dispute by the plaintiff's "amendment" to the Complaint, is Boni Yapp, an employee of defendant Strayer College, who allegedly is in charge of the college's student services department. The plaintiff claims that Mr. Yapp conspired with all the other defendants to deny the plaintiff financial aid.

## DISCUSSION

### I. THE COURT SHALL RECOGNIZE THE PLAINTIFF'S AMENDMENT TO HIS COMPLAINT AS AMENDING HIS ORIGINAL COMPLAINT AS A MATTER OF COURSE.

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

Fed.R.Civ.P. 15(a). It appearing that no responsive pleading—as that term is understood for the purposes of Rule 15(a)—has been filed, the plaintiff is entitled to amend his Complaint as a matter of course.

■ Plaintiff did not file an Amended Complaint, but, rather, filed the new allegations in a separate pleading. Because the plaintiff is before the Court *pro se*, the Court shall read the plaintiff's pleadings broadly. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Accordingly, the Court will recognize the Amendment to Complaint as intended to be incorporated into the original Complaint as a new claim, and shall refer hereinafter to the combination of the original Complaint and the Amendment to the Complaint as the "Amended Complaint."

### II. THE PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER ALL OF THE PLAINTIFF'S CLAIMS.

The Court lacks subject matter jurisdiction over the Amended Complaint under either diversity or federal question jurisdiction.

Diversity does not exist between the plaintiff, a resident of the District of Columbia, and all of the defendants as required to satisfy diversity jurisdiction. In addition, the plaintiff has failed to plead a substantial question arising under federal law.

## A. Diversity Jurisdiction, 28 U.S.C. § 1332.

■ This action must be between citizens of different states in order for this Court to exercise subject matter jurisdiction based on diversity. 28 U.S.C.A. § 1332 (1993 & Supp. 1996). "When a plaintiff sues more than one defendant in a diversity action, the defendant must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989) (emphasis in original) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806)); *Doctor's Associates, Inc. v. Distajo,* 66 F.3d 438, 445 (2d Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1352, 134 L.Ed.2d 520 (1996); *Prakash v. American University,* 727 F.2d 1174, 1179 n. 25 (D.C.Cir.1984); *Fortuin v. Milhorat,* 683 F.Supp. 1, 2 (D.D.C.1988); *Maltais v. United States,* 439 F.Supp. 540, 542 (N.D.N.Y.1977). Thus, if even one defendant resides in the same jurisdiction as the plaintiff, there is no diversity jurisdiction.

■ In this case, the plaintiff is a resident of the District of Columbia. According to the plaintiff's Complaint, the defendants reside in several states, but it is unclear exactly where each defendant resides. Counsel for the defendants, however, has established that at least two defendants also are residents of the District of Columbia. Strayer College, a corporation, is a resident of the District of Columbia by virtue of the fact that its corporate offices are located in the District of Columbia, and its principal place of business is in the District. *See* Farmer Aff. ¶ 3; 28 U.S.C.A. § 1332(c). Furthermore, defendant Dr. Younes Benab also is a resident of the District and his place of business is in the District. *Id.* at ¶ 2.

Because the plaintiff and at least two defendants reside in the District of Columbia, there is not complete diversity between the plaintiff and the defendants in this case, and, consequently, this Court cannot exercise subject matter jurisdiction over this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## B. Federal Question Jurisdiction

■ In order for this Court to exercise subject matter jurisdiction over this action based on federal question jurisdiction, the claims must "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (1993 & Supp.1996). The federal question raised must be a direct element in the plaintiff's claim, and must be substantial and not plainly frivolous. *McLucas v. De Champlain,* 421 U.S. 21, 28, 95 S.Ct. 1365, 1370, 43 L.Ed.2d 699 (1975) (court should dismiss federal claim for want of jurisdiction if basis for jurisdiction is obviously without merit or wholly frivolous); *Mobil Oil Corp. v. Coastal Petroleum Co.,* 671 F.2d 419, 424–26 (11th Cir.), *cert. denied,* 459 U.S. 970, 103 S.Ct. 300, 74 L.Ed.2d 281 (1982) (federal question must be direct element in plaintiff's claim); *Molina–Crespo v. Califano,* 583 F.2d 572, 573–74 (1st Cir.1978) (federal claim must be substantial to confer federal question jurisdiction); *see Southpark Square Ltd. v. City of Jackson,* 565 F.2d 338, 342 (5th Cir.1977), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978) ("lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject") (quoting *Mays v. Kirk,* 414 F.2d 131, 135 (5th Cir.1969)). The plaintiff has the burden of demonstrating that a federal question exists. *Lake Lansing Special Assessment Protest Ass'n v. Ingham County Bd. of Commissioners,* 488 F.Supp. 767, 770 (W.D.Mich.1980). Mere assertions that a federal question is involved are not sufficient to confer jurisdiction. *McCartney v. West Virginia,* 156 F.2d 739, 741 (4th Cir.1946).

The plaintiff alleges three potential bases for the exercise of federal question jurisdiction in this case: (1) the denial or abridgment of the right to vote, based on the 24th Amendment to the Constitution; (2) the

abridgment of the plaintiff's First Amendment right to present grievances for remedy; and (3) the denial or abridgment of the plaintiff's First Amendment right to peacefully assemble.

■ All three grounds are meritless. First, the 24th Amendment and other constitutional protections for the right to vote relate to Federal elections. U.S. Const. amend. XXIV. The Constitution does not protect a right to vote in a private college student government election unless some other federal right has been denied or abridged. Second, the plaintiff has asserted no cognizable First Amendment claim based on his right to petition. While the First Amendment does protect the right to petition the Courts and the government to redress grievances, the plaintiff does not allege the denial or abridgment of such a right. U.S. Const. amend I; *see California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed.2d 642 (1972) (right to petition extends to all departments of government). Instead, the plaintiff claims that his right to seek redress for grievances with defendant Strayer College, a private institution, has been abridged.

■ Third, the plaintiff's allegation that the College and its staff prevented him from forming a student government, by, among other actions, misdirecting students from a meeting regarding the ratification of a student government, does not support a First Amendment "peaceful assemblage" claim. For one, the First Amendment of the U.S. Constitution generally binds only the action of Congress or of agencies of the federal government and not the actions of private corporations. *Granfield v. Catholic University of America*, 530 F.2d 1035, 1046–47 (D.C.Cir.), *cert. denied*, 429 U.S. 821, 97 S.Ct. 68, 50 L.Ed.2d 81 (1976). The plaintiff has made no allegations of state action. In addition, the meeting was on private property, upon which the plaintiff has no constitutional right to peacefully assemble. *See People v. Thompson*, 56 Ill.App.3d 557, 14 Ill.Dec. 312, 314–15, 372 N.E.2d 117, 119–20 (1978) (Guarantees of free speech and assembly were not violated by Illinois statute providing that one remaining upon land of another after being requested to leave is liable to arrest for criminal trespass). Finally, the plaintiff's vague allegation that defendants misdirected students intending to attend the aforementioned meeting are too insubstantial to invoke federal question jurisdiction. The plaintiff's allegations do not state who misdirected the students, how many students were misdirected, how and when the misdirection occurred, and how the conduct implicated the plaintiff's First Amendment rights. In fact, the plaintiff's Complaint asserts that students seeking to form a student government were provided a room in which to gather. *See* Complaint ¶ 4(c). In short, there is little legal substance to the plaintiff's argument that this Court has federal question jurisdiction based on the infringement of his First Amendment rights.

■ The plaintiff's new allegations in his Amendment to his Complaint allege conspiracy on the part of the defendants relating to plaintiff's financial aid. Conspiracy is a common law claim and does not invoke federal question jurisdiction. Accordingly, the Court must dismiss the new claim as well for lack of subject matter jurisdiction.

Because the plaintiff has failed to establish a substantial federal question in this case, the Court does not have subject matter jurisdiction based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

## CONCLUSION

The plaintiff has failed to establish that this Court has subject matter jurisdiction over any of the plaintiff's claims, including his recently added conspiracy claim, based on diversity or federal question jurisdiction. Accordingly, the Court shall dismiss the above-entitled action. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

## *ORDER*

For the reasons set forth in the Court's Memorandum Opinion of even date herewith, it is, by the Court, this 3rd day of September, 1996,

ORDERED that the plaintiff's Complaint shall be, and hereby is, amended pursuant to the plaintiff's Amendment to Complaint, filed September 23, 1996; and, it is

FURTHER ORDERED that the defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction shall be, and hereby is, GRANTED; and, it is

FURTHER ORDERED that the plaintiff's Complaint, filed August 26, 1996, and the Amendment to his Complaint, filed September 23, 1996, in the above-entitled case shall be, and hereby is, DISMISSED for lack of subject matter jurisdiction; and, it is

FURTHER ORDERED that the defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and any and all other outstanding motions in the above-entitled case shall be, and hereby are, rendered and declared MOOT.