Neil M. BYRD, Jr., Plaintiff,

v.

Governor James B. HUNT, Jr., State
of North Carolina, Defendants.

No. 1:00CV00535.

United States District Court,
M.D. North Carolina.

March 1, 2001.

Neil M. Byrd, Jr., Snow Camp, NC, pro se.

Jeffrey R. Edwards, N.C. Department of Justice, Raleigh, NC, for defendants.

### MEMORANDUM OPINION

BEATY, District Judge.

## I. INTRODUCTION

This matter is before the Court on Defendants' June 23, 2000 Motion [Document # 3], which contains a request that the Court dismiss Plaintiff's Complaint either pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim upon which relief may be granted, or pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiff's response to Defendants' Motion was filed on July 18, 2000.

Plaintiff's Complaint as filed can be viewed as raising jurisdictional and substantive facts that are closely connected. The Court finds that an analysis of either of Defendants' bases for requesting a dismissal of Plaintiff's claim, whether for failure to state a claim or for lack of subject matter jurisdiction, leads to a dismissal of Plaintiff's Complaint. Having reviewed the parties' respective pleadings, the Court deems it appropriate to assume that jurisdiction exists, which would then allow the Court to consider Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim for Relief [Document # 3]. For the reasons that follow, Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim for Relief is GRANTED.

## II. FACTUAL BACKGROUND

Plaintiff, appearing *pro se*, filed an action in this Court on June 1, 2000 against Defendants, then Governor James B. Hunt, Jr. and the State of North Carolina, based upon his assertion that the enforcement of the Seat Belt Law, N.C. Gen.Stat. § 20–135.2, constitutes extortion upon the drivers and citizens of North Carolina. Plaintiff has alleged that jurisdiction exists within this Court because Defendants' "actions are being committed in the Middle District of North Carolina." (Pl.'s Compl.). Plaintiff does not otherwise assert any jurisdictional basis for his claim. The essence of Plaintiff's substantive claim is that Defendants, by their "actions," are engaged in the illegal act of subjecting drivers operating motor vehicles within North Carolina to a monetary fine of $25.00 if such drivers fail to wear their seat belts. Plaintiff has alleged further that this assessment of a monetary fine of $25.00 is excessive.[1] Plaintiff's Complaint,

---

1. Plaintiff extracts a definition of extortion from a purported citation within *Baron's Law Dictionary*, Fourth Edition, which he contends defines extortion at common law as a misdemeanor offense that involved "the corrupt collection by a public official under color of office of an excessive or unauthorized fee."

Plaintiff does not cite or rely on the General Statutes of North Carolina as the basis for his contention that Defendants acted illegally. North Carolina General Statute section 14–118.4 provides: Any person who threatens or communicates a threat or threats to another with the intention thereby wrongfully to ob-

however, does not contain any allegations that he has either received a citation for operating a vehicle without wearing a seat belt or that he has been subjected to the payment of a fine.

In addition, Plaintiff's Complaint does not cite any other federal statutory or constitutional basis for his allegation that Defendants' enforcement of the Seat Belt Law is illegal. Instead, Plaintiff has alleged only that Defendants have acted illegally in forcing drivers in North Carolina to wear seat belts and in "using the law as an excuse to receive money in the form of fine." (Pl.'s Compl. at 2). Plaintiff further contends that this law is "actually an act of extortion against the people of North Carolina and anyone driving on a North Carolina road, highway, interstate, or street." (*Id.*) Plaintiff only seeks declaratory relief in the form of a request that the Governor and the State of North Carolina be forced to repeal the Seat Belt Law. In response, Defendants, without answering Plaintiff's Complaint, timely filed a motion requesting the dismissal of the Complaint, on the grounds of both Rule 12(b)(6) for failure to state a claim and Rule 12(b)(1) for lack of subject matter jurisdiction.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss for Failure to State a Claim

Defendants' Motion and brief suggest that the Court should first consider Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Claim for Failure to State a Claim for Relief. The appropriate standard of review for considering a 12(b)(6) motion is that such a motion functions to test the legal sufficiency of the complaint. *See Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986).

In acting on a motion to dismiss under Rule 12(b)(6), a court must assume all of the well-pleaded allegations in the complaint to be true. *See id.* When considered in this light, a complaint withstands a Rule 12(b)(6) motion if the facts, along with the essential elements of the cause of action alleged, properly state grounds upon which relief can be granted. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Alternatively, a motion to dismiss under Rule 12(b)(6) should be granted when it is clear that the plaintiff can prove no set of facts that would support its claim and would entitle it to relief. *See Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993), *cert. denied,* 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994).

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Alternatively, Defendants request that the Court dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. It is generally accepted that federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and by statute. *See, e.g., Willy v. Coastal Corp.,* 503 U.S. 131, 136–137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992), *reh'g denied,* 504 U.S. 935, 112 S.Ct. 2001, 118 L.Ed.2d 596 (1992). Section 1331 of Title 28 of the United States Code provides that, "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (West 1983). The vast majority of cases brought under the general federal question jurisdiction of the federal courts are those in which the federal law creates the cause of action. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,*

tain anything of value or any acquittance, advantage, or immunity is guilty of extortion and such person shall be punished as a Class F felon. N.C. Gen.Stat. § 14–118.4.

478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986).

 Under the well-pleaded complaint rule, federal question jurisdiction exists only when a federal question appears on the face of a plaintiff's properly pleaded complaint. *See Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366 (4th Cir.2001). The Fourth Circuit in *Richmond, Fredericksburg & Potomac R. Co. v. United States* has held that "[w]hen a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." 945 F.2d 765, 768 (4th Cir.1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)), *cert. denied*, 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 646 (4th Cir.1999) (explaining that a plaintiff carries the burden of proving that subject matter jurisdiction exists). In addition, in order to support a claim of federal jurisdiction, the federal question raised must be a direct element in the plaintiff's claim and must be substantial and not plainly frivolous. *See Jackson v. Strayer Coll.*, 941 F.Supp. 192 (D.D.C.1996), *aff'd*, No. 96–7232, 1997 WL 411656 (D.C.Cir. June 25, 1997), *reh'g denied* (Aug. 12, 1997). The pleadings are construed in a light most favorable to the party opposing the motion. *See Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 967 (4th Cir.1992), *cert. denied*, 506 U.S. 955, 113 S.Ct. 411, 121 L.Ed.2d 335 (1992).

## IV. ANALYSIS

The standard of review to be followed with respect to either of Defendants' motions is clear. The preliminary issue before the Court, however, is which of Defendants' motions to address first. This issue is muddled in this case by the fact that Plaintiff's allegation of a jurisdictional basis, that is, "actions are being committed in the Middle District of North Carolina," cannot be evaluated for jurisdictional purposes without also considering the nature and substance of the claim or "actions" Plaintiff has complained of. In this instance, there is an obvious connection between the jurisdictional acts Plaintiff has alleged and the determination of whether Plaintiff has properly alleged the presence of a recognizable federal claim within this Court.

 It would be difficult, then, to determine whether Plaintiff's Complaint fails to state a claim without a prior determination of subject matter jurisdiction. This is true to the extent that subject matter jurisdiction is a logical prerequisite to a potential dismissal of Plaintiff's claim with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Greenspring Racquet Club, Inc. v. Baltimore County, Maryland*, 232 F.3d 887, 2000 WL 1624496, at *3 (4th Cir. Oct.31, 2000). Conversely, it would seem that the Court likewise cannot determine that there is a lack of jurisdiction solely because of the mere possibility that Plaintiff's assertion of a substantive claim might fail to state a cause of action on which Plaintiff can actually recover. Whether a complaint states a cause of action on which relief can be granted addresses the merits of the matter and is therefore a question of law. Just as with issues of fact, the merits of the matter must be decided after, and not before, the court has assumed jurisdiction over the controversy. If the Court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case will be on the merits, not for want of jurisdiction. *See id.*

 In awkward situations such as the one that exists here, that is, where Plaintiff's jurisdictional facts are so closely intertwined with the substantive claim asserted by Plaintiff, the United States

Supreme Court has set forth a strict standard for considering the dismissal of an action for lack of subject matter jurisdiction where there is also a motion before the court for dismissal for failure to state a claim. As the Supreme Court explained in *Bell v. Hood,* 327 U.S. 678, 681–82, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), "[b]efore deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." This preliminary step is necessary because "the party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' " the Constitution or laws of the United States by his declaration or bill. *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913).

▉▉Without initially deciding the sufficiency of Plaintiff's claim on the merits, the manner in which Plaintiff's Complaint is viewed is also important to the determination of whether the Court has jurisdiction over this matter. In analyzing Plaintiff's claim for jurisdictional purposes, as required by *Bell v. Hood,* the Court notes that Plaintiff's Complaint possibly can be read as attempting to assert a federal question claim on the basis that Defendants committed extortion, by enforcing the Seat Belt Law. To the extent that the offense of extortion must be defined by a state criminal statute, and is based upon state law, it is clear that the Court would be without jurisdiction to consider Plaintiff's claim on this basis. This is the case because "subject matter jurisdiction in the federal courts is created and defined by federal, not state, law." *St. Jarre v. Heidelberger Druckmaschinen AG,* 816 F.Supp. 424, 425 (E.D.Va.1993), *aff'd,* 19 F.3d 1430 (4th Cir.1994).

[6] However, if Plaintiff's Complaint can be interpreted, as the Court is inclined to do in this instance, as raising a constitutional challenge to the fine imposed for violation of the Seat Belt Law on the basis that the fine is unconstitutionally excessive in violation of the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States ("Excessive Fines Clause"), then the preliminary establishment of subject matter jurisdiction would be met. Where the possibility exists of interpreting the claim so as to suggest that it was Plaintiff's purpose to identify a violation of this specific Constitutional provision as the basis of his suit, *Bell v. Hood* instructs the district court to assume that jurisdiction exists and to decide the case on the merits pursuant to Defendants' Motion to Dismiss for Failure to State a Claim for Relief.[2]

▉▉Although Plaintiff's Complaint does not make any specific references to the

---

2. The Court could have just as easily disposed of this case based upon a lack of subject matter jurisdiction in light of the exceptions set out in *Bell v. Hood,* which will allow the court to entertain a motion for dismissal for lack of subject matter jurisdiction where the alleged substantive claim is immaterial or is "wholly insubstantial and frivolous." 327 U.S. at 682–83, 66 S.Ct. at 776. As the discussion of Plaintiff's purported Excessive Fines Clause claim will reveal, Plaintiff can prove no set of facts to show that the $25.00 fine imposed for violating the Seat Belt Law is grossly disproportional in relation to the predominate purpose of the State in enacting the law, that is to reduce injury related to automobile collisions. As such, Plaintiff's claim that the $25.00 fine for failure to wear a seat belt is excessive is viewed as wholly insubstantial and frivolous in comparison to the gravity of the violation of the Seat Belt Law and the more important purpose for the North Carolina General Assembly in enacting this measure. The Court, however, feels that a resolution of this matter on the merits is the better course of action.

Excessive Fines Clause, his Complaint suggests that the imposition of a $25.00 fine is excessive upon consideration of the fact that there are other ways for Defendants to address their concern about the safety of drivers. Plaintiff specifically states that:

> [I]f the State is concerned about the safety of the automobil[e] drivers they have the right to stop the driver to hand out a flyer on the effectiveness of seatbelts or have an officer give a lecture to the driver on the safety of seatbelts. However, the State does not have a right to collect any money from fines and does not have the right to create a law forcing drivers to use seat belts.

(Pl.'s Compl. at 3). Plaintiff states further that "[t]here is no reason for a fine." (*Id.* at 5). Again, without addressing the sufficiency of Plaintiff's claim, it is not unreasonable to attribute to a *pro se* plaintiff, who initiated his claim in federal court, rather than in state court, a desire to raise a claim based upon the Excessive Fines Clause, so as to bring this matter within the subject matter jurisdiction of this Court. It is for this reason that the Court will proceed upon the assumption that it has subject matter jurisdiction of Plaintiff's claim.

## V. EXCESSIVE FINES CLAUSE

 Given that the Court, pursuant to *Bell v. Hood*, has interpreted Plaintiff's Complaint as raising an adequate jurisdictional ground, the Court will now address the merits of Plaintiff's Complaint, to determine whether Plaintiff's allegations support a claim that Defendants violated the Excessive Fines Clause so as to withstand Defendants' Motion to Dismiss for Failure to State a Claim.[3] The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. The Supreme Court has determined that the Eighth Amendment's Excessive Fines Clause applies to civil fines. *Towers v. City of Chicago*, 173 F.3d 619, 624 (N.D.Ill. 1999) (stating that " '[t]he Eighth Amendment protects against excessive civil fines, including forfeitures' ") (quoting *Hudson v. United States*, 522 U.S. 93, 103, 118 S.Ct. 488, 495, 139 L.Ed.2d 450 (1997)), *cert. denied*, 528 U.S. 874, 120 S.Ct. 178, 145 L.Ed.2d 150 (1999). The Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.' " *Austin v. United States*, 509 U.S. 602, 609–610, 113 S.Ct. 2801, 2805, 125 L.Ed.2d 488 (1993) (citations omitted).[4] The Court also

---

**3.** Plaintiff's attempt to state a claim based upon the unconstitutionality of the Seat Belt Law faces an even greater challenge to the extent that the courts of North Carolina have already upheld the Seat Belt Law against constitutional challenge. In *State v. Swain*, 92 N.C.App. 240, 243, 374 S.E.2d 173, 174 (1988), the North Carolina Court of Appeals upheld North Carolina General Statute § 20-135.2A as a constitutional exercise of legitimate public interest in minimizing the seriousness of injuries resulting from collisions on the highways. Even though the constitutional challenge in *Swain* was based on claims of involuntary servitude, and slavery in violation of the Thirteenth Amendment and the Ninth Amendment, an analysis of Plaintiff's purported challenge to the Seat Belt Law

as imposing an excessive fine under the Eighth Amendment will also reveal that the challenge on this basis will not be sufficient to defeat the constitutionality of the Seat Belt Law.

**4.** While the Supreme Court has never addressed whether the Eighth Amendment's Excessive Fines Clause applies to the states, the Court has held that other Eighth Amendment guarantees apply to the states. *See Robinson v. California*, 370 U.S. 660, 666–67, 82 S.Ct. 1417, 1420–21, 8 L.Ed.2d 758 (1962) (Cruel and Unusual Punishment Clause applies to states), *reh'g denied*, 371 U.S. 905, 83 S.Ct. 202, 9 L.Ed.2d 166 (1962); *Schilb v. Kuebel*, 404 U.S. 357, 365, 92 S.Ct. 479, 484, 30 L.Ed.2d 502 (1971) (Excessive Bail Clause

explained that civil sanctions can constitute punishment, and are therefore subject to the limitations of the Excessive Fines Clause, if they serve, at least in part, retributive or deterrent purposes. *See id.* at 610, 113 S.Ct. at 2806. The Supreme Court in *Austin* initially did not determine a standard for the application of the Excessive Fines Clause, but instead left it to the lower courts to determine. However, Justice Scalia in his concurrence in *Austin* noted that where the issue involved a question of whether a monetary fine was excessive, the touchstone of the determination is the "value of the fine in relation to the offense." 509 U.S. at 627, 113 S.Ct. at 2815, 125 L.Ed.2d at 509 (Scalia, J., concurring). However, the Supreme Court has now adopted a "gross disproportionality" test to determine whether a fine is excessive for purposes of the Excessive Fines Clause. *See United States v. Bajakajian*, 524 U.S. 321, 334, 118 S.Ct. 2028, 2036, 141 L.Ed.2d 314 (1998). This means that in order for the amount of the fine to be excessive, it must be grossly disproportional to the offense committed by the party affected by the fine.

▮▮ Plaintiff's Complaint, even if it is viewed as raising an Excessive Fines Clause violation, has not alleged any facts that would demonstrate that imposing a $25.00 fine for failure to wear a seat belt while operating a vehicle is unconstitutionally excessive. Plaintiff has made only the conclusory allegation that the fine is excessive because other non-monetary methods, such as providing drivers with informational material on the effectiveness of seat belts or lecturing drivers on the safety of seat belts, could have been used by the State to inform the public of the State's desire that drivers wear seat belts when driving on the State's highways and roads. (Pl.'s Compl. at 3). Even more detrimental to Plaintiff's attempt to assert a claim in this instance is the fact that Plaintiff has not alleged in any way that he was personally harmed by the enactment or enforcement of the Seat Belt Law.[5] But even if Plaintiff had alleged that he personally was required to pay the $25.00 fine, Plaintiff has neither shown nor alleged that the $25.00 fine is grossly disproportional to the gravity of the offense of failure to wear a seat belt. While the $25.00 fine may indeed represent a deterrent or even a punishment to a driver who fails to wear his seat belt while driving, the predominate purpose of the Seat Belt Law has been upheld as a constitutional exercise of legitimate public interest in minimizing the seriousness of injuries resulting from collisions on the highways. *See Swain*, 92 N.C.App. at 243, 374 S.E.2d at 174. Therefore, the Court finds that the effect of a $25.00 fine upon drivers for violating the Seat Belt Law is minor when compared with the injuries avoided or the lives saved by requiring drivers to wear a seat belt when operating a vehicle upon the highways, roads, and streets of the State.

## VI. CONCLUSION

In the final analysis, to the extent that the Court must focus on the issue of

applies to states), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 930, 30 L.Ed.2d 818 (1972). As Justice O'Connor has explained: "I see no reason to distinguish one Clause of the Eighth Amendment from another for purposes of incorporation, and would hold that the Excessive Fines Clause also applies to the States." *Browning–Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 284, 109 S.Ct. 2909, 2925, 106 L.Ed.2d 219 (1989) (O'Connor, J., concurring in part and dissenting in part).

**5.** There has been no suggestion that Plaintiff was pursuing a class action or that he could establish the prerequisites for doing so. *See* Fed.R.Civ.P. 23.

whether the $25.00 fine itself is excessive, the Court finds that Plaintiff has neither alleged nor presented a forecast of any fact or evidence that would demonstrate that a $25.00 fine is grossly disproportional to a driver's failure to comply with the Seat Belt Law of North Carolina. Plaintiff, therefore is unable to demonstrate that the imposition of a $25.00 fine for failure to wear a seat belt when operating a vehicle would constitute a violation of the Excessive Fines Clause of the Eighth Amendment. The Court, therefore, concludes that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted because, even pursuant to a liberal interpretation of the *pro se* Plaintiff's Complaint, it is clear that the Plaintiff can prove no set of facts that would support his claim and entitle him to relief. It is therefore ordered that Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim for Relief [Document # 3] is GRANTED and this matter is DISMISSED with prejudice.