**[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

---

No. 01-2534

STEVEN A. SWAN,

Plaintiff, Appellant,

v.

UNITED STATES,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. James R. Muirhead, U.S. Magistrate Judge]

---

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Steven A. Swan on brief pro se.
Eileen J. O'Connor, Assistant Attorney General, David English Carmack and Jeffrey R. Meyer, Attorneys, Tax Division, Department of Justice and Thomas P. Colantuono, United States Attorney, on brief for appellee.

---

May 7, 2002

---

**Per Curiam**.  After carefully reviewing the record and briefs on appeal, we affirm the judgment for substantially the reasons given below.

The appellant's primary argument on appeal is that the court's federal question jurisdiction covered his Sixteenth Amendment challenge to his income taxes.  A frivolous constitutional issue does not raise a federal question, however.  Hagans v. Lavine, 415 U.S. 528 (1974); Molina-Crespo v. Califano, 583 F.2d 572 (1st Cir. 1978).  The appellant argues that the constitutional issue could not be frivolous because he adduced credible evidence that Congress intended a narrower income tax.  He misses the point.  The issue is frivolous because it has already been decided, not because the evidence is univocal.  The income tax has survived constitutional challenge.  *See*, *e.g.*, Eisner v. Macomber, 252 U.S. 189 (1920); Quijano v. United States, 93 F.3d 26 (1st Cir. 1996); United States v. Turano, 802 F.2d 10 (1st Cir. 1986).

The appellant's remaining arguments merit little discussion.  Given the resolution of the constitutional issue, the appellant could not show that he was certain to prevail, precluding equitable relief.  Bob Jones University v. Simon, 416 U.S. 725 (1974).  The appellant failed to establish jurisdiction under I.R.C. § 7422(a) by showing that he paid the taxes and filed claims for refunds.  McMillen v. United States Department of Treasury, 960 F.2d 187 (1st Cir. 1991).

We hereby deny the appellant's motion for return of property and an investigation.

Affirmed.  Loc. R. 27(c).